PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

## Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: | **Daniel S. Mckinney** | Case Number: **1:02CR00093** |
| Name of Sentencing Judicial Officer: | **The Honorable Herman J. Weber**<br>**United States Senior District Judge** | |
| Date of Original Sentence: | **February 13, 2003** | |
| Original Offense: | **Count One-Theft of Bank Funds, a violation of 18 U.S.C. § 2113(b)** | |
| Original Sentence: | **60 month(s) probation** | |
| Special Conditions: | **1) serve 120 days electronic monitoring**<br>**2) no new lines of credit or make purchases on existing lines of credit without permission of USPO**<br>**3) provide all financial information requested by the USPO**<br>**4) complete the National Corrective Training Institute theft class**<br>**5) pay $100 special assessment**<br>**6) pay restitution in the amount of $10,182** | |
| Type of Supervision: **Probation** | | Date Supervision Commenced: **February 13, 2003** |
| Assistant U.S. Attorney:<br>**Anthony Springer, Esq.** | | Defense Attorney:<br>**Richard Smith-Monahan, Esq.** |

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue an Order to Appear and Show Cause
[ ] To grant an exception to revocation without a hearing.

The probation officer finds, under penalty of perjury, that probable cause to believe the defendant has violated one or more conditions of supervision exists:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | Mr. McKinney has allegedly violated the standard probation condition that states: "The defendant shall report to the probation officer as directed by the probation officer or the Court, and shall submit a truthful and complete written monthly report within the first five days of each month". The defendant failed to report as directed nor has he called to reschedule his August 15, 2005; August 29, 2005; and December 16, 2005, supervision meetings with this officer. Additionally, Mr. McKinney failed to file written monthly report forms for November and December 2005, and for January and February 2006. |
| #2 | Mr. McKinney has allegedly violated the standard probation condition that states: "The defendant shall notify the probation officer within 72 hours of any change in |

        residence or employment". On January 25, 2006, the undersigned probation officer sent a letter to the offender at his last known address of 2965 Colonial Ridge Court in Cincinnati, Ohio, which advised him that he had failed to complete his written monthly report form for December 2005. This letter was returned to the U.S. Probation Office in Cincinnati, Ohio on January 30, 2006, marked "Return to Sender, Attempted Not Known, Unable to Forward". On February 27, 2006, the undersigned probation officer conducted a field visit to the offender's last known address listed above and saw on the door a little sign underneath the mail slot for 2965 Colonial Ridge Court that stated "Mail for Davis/Jackson only".

#3      Mr. McKinney has allegedly violated the standard probation condition which states: "The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer". On May 27, 2005, Mr. McKinney was arrested on the charge of Carrying a Concealed Weapon by the Cincinnati, Ohio Police Department. This charge was ignored by the Hamilton County Court of Common Pleas Grand Jury on June 2, 2005. The offender failed to advise the officer about this arrest, and it was only on July 15, 2005, that this officer learned of the arrest via receipt of official notification of this arrest from the Federal Bureau of Investigation Criminal Justice Information Services Division.

#4      Mr. McKinney has allegedly violated the special probation condition which states: "The defendant shall pay restitution in the amount of $10,182 to PNC Bank". On February 13, 2003, the undersigned probation officer met with the offender at which time the offender signed a pay agreement which he agreed to pay the Court his Court financial obligation of a $100 special assessment and restitution in the amount of $10,282, at the rate of $50 a month. It should be indicated that Mr. McKinney paid the $100 special assessment in full as of May 13, 2005. However, he has only paid $135 towards his restitution balance as of November 22, 2005, leaving him an outstanding balance of $10,047. The offender has not paid anything towards this restitution balance.

U.S. Probation Officer Recommendation:

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Approved,

Executed on **March 6, 2006**    by

*David Backman*  
**David Backman**  
U.S. Probation Officer

*John C. Cole*  
**John Cole**  
Supervising U.S. Probation Officer  
Date:    **March 6, 2006**

PROB 12C
Rev 2/03

3

THE COURT ORDERS:

[ ]    No Action
[✓]    The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
[ ]    The Issuance of an Order to Appear and Show Cause
[ ]    The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
[ ]    Other

Signature of Judicial Officer

Date 3/13/06